# LORAIN COUNTY COURT OF COMMON PLEAS
LORAIN COUNTY JUSTICE CENTER
225 COURT STREET
ELYRIA, OHIO 44035

LINDSEY BEDIENT
370 LEAR RD
AVON LAKE, OH 44012

CASE NO. 16CV190199

VS.

TO: ICV PARTNERS
810 7TH AVE - 35TH FL
NEW YORK, NY 10019

## SUMMONS ON COMPLAINT

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

LINDSEY BEDIENT
370 LEAR RD
AVON LAKE, OH 44012

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

JAMES S WERTHEIM
MCGLINCHEY STAFFORD PLLC
25550 CHAGRIN BLVD, SUITE 406
BEACHWOOD, OH 44122

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it. Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

TOM ORLANDO
CLERK OF COURTS OF COMMON PLEAS
LORAIN COUNTY, OHIO

8/11/2016

BY: _____
Deputy Clerk

*16CV190199*

**LORAIN COUNTY COURT OF COMMON PLEAS**
LORAIN COUNTY JUSTICE CENTER
225 COURT STREET
ELYRIA, OHIO  44035

LINDSEY BEDIENT
370 LEAR RD
AVON LAKE, OH  44012

CASE NO. 16CV190199

VS.

TO:  SAFE SECURITY INC
2440 CAMINO RAMON,  STE 200
SAN RAMON, CA  94583

# SUMMONS ON COMPLAINT

*You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):*

LINDSEY BEDIENT
370 LEAR RD
AVON LAKE, OH  44012

*A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:*

JAMES S WERTHEIM
MCGLINCHEY STAFFORD PLLC
25550 CHAGRIN BLVD, SUITE 406
BEACHWOOD, OH  44122

*You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within* **TWENTY-EIGHT (28) DAYS** *after service of this summons on you, exclusive of the day you receive it.   Your answer must* **ALSO** *be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.*

*If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.*

TOM ORLANDO
CLERK OF COURTS OF COMMON PLEAS
LORAIN COUNTY, OHIO

8/11/2016

BY: *X. Grills*
**Deputy Clerk**

*16CV190199*

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

**16 CV 190199**

| | |
|---|---|
| Lindsey Bedient<br>370 Lear Road<br>Avon Lake, OH 44012<br><br>Plaintiff<br><br>-vs-<br><br>SAFE Security, Inc.<br>2440 Camino Ramon, Suite 200<br>San Ramon, CA 94583<br><br>and<br><br>ICV Partners<br>810 7th Avenue – 35th Floor<br>New York, NY 10019<br><br>Defendants | CASE NO.: 2016 AUG -8 A 11: 22<br><br>JUDGE COURT OF COMMON PLEAS<br>TOM ORLANDO<br><br>JUDGE CHRISTOPHER R. ROTHGERY<br><br>**CLASS ACTION COMPLAINT**<br>**AND JURY DEMAND** |

## INTRODUCTION

Plaintiff Lindsey Bedient ("Plaintiff") brings this nationwide Class Action Complaint against Defendants SAFE Security, Inc. and ICV Partners ("Defendants") for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ('TCPA") in making robocalls to people who have not given their consent and for calls to people on the National Do Not Call Registry. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1. The TCPA prohibits any solicitations calls to those consumers whose telephone numbers are registered on the National Do Not Call Registry.

1

2. The TCPA prohibits pre-recorded messages for calls made to residential telephone lines without prior written consent.

3. The TCPA prohibits pre-recorded messages to cellular telephones without prior written consent.

## PARTIES

4. SAFE Security, Inc. ("Safe") is a California Corporation, licensed to do business in Ohio and at least 24 other states.

5. Safe "provides quality security alarm systems, industry-leading monitoring services, excellence in residential and commercial support ... across the nation."

6. According to its website and press releases, ICV Partners acquired Safe in 2012.

7. Plaintiff is a resident of Ohio who received unsolicited autodialed and prerecorded robocalls from Safe on her cellular telephone without her consent and in violation of her registration of that telephone number on the National Do Not Call Registry.

## FACTUAL BACKGROUND

8. Safe uses an internet dialing device (automated telephone dialing system) to send prerecorded solicitations to potential customers nationwide, including those on the National Do Not Call Registry.

9. Safe is subject to a judgment in the courts of California for violation of the TCPA- Case number MSC15-0696.

10. On or about February 9, 2016, Plaintiff received a robocall with a prerecorded message on her cellular telephone, telephone number 440-320-1086, from Safe.

11. Safe had made at least 4 prior calls to Plaintiff.

12. Plaintiff had no business relationship with Safe, did not give Safe her number, and had not consented to be called.

13. Plaintiff's cellphone number, which Safe called, has been on the National Do Not Call Registry since December, 2004.

14. The caller identification did not provide Safe's real telephone number.

15. The prerecorded message solicited Plaintiff to purchase Safe's services, including alarm systems.

16. Safe made, and continues to make, these telemarking calls to consumers nationwide without their prior consent to do so.

17. Safe made, and continues to make, these telemarketing calls to consumer nationwide even though they are registered on the National Do Not Call Registry.

18. When Plaintiff later tried to return the call to the number using the caller id on her telephone, she was told the number was disconnected.

19. Plaintiff later reached a Safe representative, after answering another prerecorded call, and was told the calls were made from an internet dialer which does not provide Safe's telephone number and cannot be called.

20. Since Safe is the subject of a judgement in California for violating the TCPA, and it violated the Act regularly, it knew its actions were in violation of the TCPA and therefore its actions are willful.

21. Plaintiff was damaged by these calls by suffering a monetary loss due to the calls, incurring the costs to recharge the phone, invasion of her privacy, loss of her time, nuisance, interruption of her day, trespass to her chattel by interfering with her phone and the use of her phone, stress, aggravation, and because a violation of the TCPA is a concrete injury.

3

## CLASS ALLEGATIONS

22. Class Definition: Plaintiffs bring this action pursuant to Rule 23 of the Ohio Rules of Civil Procedure on behalf of herself and a Class of similarly situated individuals, defined as follows:

- A. Robocall Class: All person in the United States who received a telephone call from or on behalf of Safe that included a recorded message promoting Safes products or who received a call on their cellular telephone from an automated telephone dialing system within the six years prior to the filing of the Complaint.

- B. Do Not Call Class: All persons in the United States who received more than one telephone call from or on behalf of Safe who were on the National Do Not Call Registry within the six years prior to the filing of the Complaint.

23. Numerosity: The exact number of each Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals. Class members can be easily identified through Defendant's records which are required to keep records to identify who it calls.

24. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a) Whether Defendants made calls using prerecorded messages;

b) Whether Defendants had consent to make these calls;

c) Whether Defendants made calls to people on the National Do Not Call Registry;

d) Whether Defendants has processes in place to prevent these calls;

4

e) Whether Defendants conduct was willful;

f) Whether Defendants prerecorded calls were solicitations;

g) Whether Defendants used an automated telephone dialing system;

h) Whether Defendants calls were for emergency purposes; and

i) Whether Defendants conduct constitutes a violation of the TCPA.

25. Typicality: Plaintiff's claims are typical of the claims of other Class members and she sustained the same damages as other members of the Class as a result of Defendant's actions.

26. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions including TCPA cases. Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and have the financial resources to do so.

27. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C § 227
### (On behalf of Plaintiff and the Robocall Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. Defendants made unsolicited and unwanted autodialed telemarketing calls to the cellular telephone numbers belonging to Plaintiff and the other members of the Robocall Class without their prior written express consent.

33. Defendants made unsolicited telemarketing calls to the telephone numbers belonging to Plaintiff and the other members of the Robocall Class using a prerecorded or artificial voice, more commonly known as a "robocall."

34. By making, or having made on its behalf, unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiff's and the Class's telephones without prior written express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Robocall Class suffered actual damages as set forth in paragraph 24 above and under Section 227(b)(3)(B), are each entitled to, *inter alia, a* minimum of $500 in statutory damages for each violation of the TCPA.

35. Should the Court determine that Defendants' misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class to $1,500 per call.

### SECOND CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
### (On behalf of the Plaintiff and the Do Not Call Class)

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. 47 U.S.C. §227 (c) provides that any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which regulations were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

6

38. The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R. §64.1200 (c), prohibits calls to telephone numbers registered on the list.

39. The rules further provide that any person making any call for telemarketing purposes to a registered telephone subscriber shall have instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do not- call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do- not- call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The

7

telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

40. 47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

41. Defendants violated the TCPA by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiff and the Do Not Call Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42. Defendants and/or their agents made unsolicited telephone calls to Plaintiff and the members of the Do Not Call Class without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Class never provided any form of consent, at any time, to receive telephone calls from Defendants.

43. Defendants violated the TCPA by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Do Not Call Class without

8

instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

44. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Class received more than one telephone call within a 12 month period made by or on behalf of the Defendants. As a result of Defendants' conduct as alleged herein, Plaintiff, and the Do Not Call Class suffered actual damages as set forth in paragraph 24 above and under section 47 U.S.C. § 227(c), are each entitled, *inter alia,* to receive up to $500 in damages for such violations of § 64.1200.

45. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Class.

## PAYER FOR RELIEF

WHEREFORE, Plaintiff Lindsey Bedient, on behalf of herself, the Robocall Class, and the Do Not Call Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff Lindsey Bedient as representative of the Class, and appointing her counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages;

D. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

9

F. Awarding such other and further relief as equity and justice may require.

Respectfully submitted,

James S. Wertheim (#0029464)
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Frederick & Berler, LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400(fax)
jamesw@clevelandconsumerlaw.com
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

James S. Wertheim (#0029464)
Frederick & Berler, LLC
*Attorney for Plaintiff*